PER CURIAM.
The Estate of Anthony Wilson appeals a judgment in favor of the Metro-Dade Police Department in a forfeiture proceeding. We affirm.
In January, 1987 the Metro-Dade Police Department arrested Anthony Wilson on gambling charges. The officers viewed, through the window of Wilson’s car, football parlay card stubs. They obtained a warrant to search Wilson’s car and seized twenty football parlay card stubs, sports schedule booklets, sports line schedules, and eight white envelopes with digits written on them containing a total of $21,970. The police department eventually released the vehicle, but commenced a forfeiture proceeding with respect to the $21,970. During the pendency of the proceedings below, Wilson died and his estate was substituted as respondent. See Fla.R.Civ.P. 1.260; see also § 46.021, Fla.Stat. (1987).
Metro-Dade moved for summary judgment, and the motion was granted. The estate moved for rehearing, contending in part that it had been prejudiced in its defense by the inadvertent destruction of the items seized from Wilson’s car, other than *947 the currency, by the police property room. The trial court conducted an evidentiary hearing on that issue, found that the destruction was inadvertent, and denied the motion for rehearing.
The estate defended the forfeiture action in part on the theory that ^ there was a violation of the fourth amendment in connection with the search of Wilson’s automobile and the seizure of the items therein. Metro-Dade argued that the estate did not have standing to assert the fourth amendment issue, and alternatively, that the fourth amendment argument was without merit. The trial court agreed on both issues.
We are unable to agree that the estate lacked standing. Wilson’s claim to the $21,970 devolved upon his estate, see § 46.021, Fla.Stat. (1987); see also Fla.R.Civ.P. 1.260. No sound reason appears why the same grounds which were available to Wilson would not also be available to his estate in the statutory forfeiture proceeding. The case relied on by Metro-Dade, Ravellette v. Smith, 300 F.2d 854 (7th Cir.1962), is entirely inapplicable.[2] We agree, however, with the trial court’s alternative finding that, on the merits, there was no fourth amendment violation.
The estate next contends that forfeiture could not be ordered where Metro-Dade had destroyed the materials which accompanied the cash. The trial court found, however, that the destruction was inadvertent. Moreover, the officers also took photographs of all of the seized items at the time of seizure. Those photographs were not destroyed and were before the trial court, along with the affidavits of the officers who seized the items, describing the items with particularity. The trial court did not abuse its discretion by denying what was in effect the estate’s request for entry of judgment in its favor as a sanction for destruction of the items.
We have carefully considered the estate’s other points on appeal and conclude that no reversible error has been shown,
Affirmed

. The issue there involved was whether the police had violated the fourth amendment by taking blood from a dead body for purposes of a blood test, without the consent of the next-of-kin. Id. at 857.